UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE, INC.,

Plaintiff,

v.

PINEY WOODS MOBILITY LLC,

Defendant.

Case No. 26-cv-05219-RFL

**ORDER GRANTING MOTION TO STAY, DENYING MOTION TO DISMISS, AND DENYING MOTION TO TRANSFER**

Re: Dkt. Nos. 18, 24

Piney Woods has moved to dismiss or stay this case under the first-to-file rule. The motion to stay is granted and the motion to dismiss is denied. The case is stayed pending resolution of an earlier-filed action in the Western District of Texas, *Piney Woods Mobility LLC v. Apple Inc.*, Case No. 7:26-cv-00068-ADA (W.D. Tex.). Piney Woods's motion to transfer is accordingly denied without prejudice as moot. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

The first-to-file rule applies because the Western District of Texas action, which was filed before this action, is between the same parties and concerns the same patents as this action.[1] *See Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.), Dkt. No. 1; *see also Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action.").[2]

[1] Piney Woods's unopposed request for judicial notice (Dkt. No. 21) is granted.
[2] Federal Circuit law governs application of the first-to-file rule, because this is a declaratory judgment action arising out of patent law. *See Futurewei*, 737 F.3d at 708 ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law

Apple does not dispute these facts, but instead argues that the Western District of Texas action is no longer proceeding because Piney Woods did not timely serve Apple, and was denied an extension of time to do so. *Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.), Dkt. No. 12. Apple has moved to dismiss that action on that basis. *Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.), Dkt. No. 6. But that motion is still pending, so that action is still proceeding. Although Apple argues the Western District of Texas must grant the motion under Rule 4(m), it is not this Court's role to decide a motion filed in another court. *See, e.g.*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency . . . .").

Apple also argues that the first-to-file rule should not apply because of concerns about gamesmanship. Specifically, Apple is concerned that Piney Woods "strategically delayed litigating" the Western District of Texas action, in order to prevent Apple from defending itself against Piney Woods's patent infringement claims while Piney Woods proceeds with similar claims against Apple's customers. (*See* Dkt. No. 31 at 10 (all citations refer to ECF pagination).) There are indications that these are real concerns. But Apple has not explained how it will be further prejudiced by a short stay while the Western District of Texas considers its fully briefed motion to dismiss. *See Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.), Dkt. Nos. 6, 14, 15, 16.

Given that the first-to-file rule applies, a stay is the appropriate remedy. Dismissal would be inefficient, because the pending motion to dismiss in the Western District of Texas action could be granted, which would mean this action should proceed. If that happens, it would be a waste of party and judicial resources to force Apple to refile this action. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) ("[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed.").[3]

---

that the question is governed by this circuit's law.").

[3] Piney Woods originally asked for dismissal on the alternate basis that there is no personal jurisdiction, but it retracted that request in its reply brief, so there is no need to address it now. (Dkt. No. 34 at 13.)

For the reasons explained above, Piney Woods's motion to stay is **GRANTED** and its motion to dismiss is **DENIED**. (Dkt. No. 18.) The case is stayed pending the resolution of *Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.). Piney Woods's motion to transfer (Dkt. No. 24), which was brought in the alternative to its motion to stay, is **DENIED** without prejudice as moot, as is the accompanying request for judicial notice (Dkt. No. 28).

The parties shall file a joint status report every 180 days or within 14 days of the resolution (including any dismissal) of *Piney Woods*, Case No. 7:26-cv-00068-ADA (W.D. Tex.), whichever is earlier.

**IT IS SO ORDERED.**

Dated: October 7, 2026

RITA F. LIN
United States District Judge